UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| DANNY R. ATKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:22-CV-106-CLC-JEM |
| | ) | |
| CAMPBELL COUNTY JAIL and | ) | |
| CAMPBELL COUNTY STAFF, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM**

Plaintiff, a former inmate of the Campbell County Jail, has filed a pro se complaint for violation of 42 U.S.C. § 1983 alleging that he did not receive any help with his hernia or a medication while he was in custody [Doc. 1], as well as a motion for leave to proceed *in forma pauperis* [Doc. 2]. For the reasons set forth below, Plaintiff's motion for leave to proceed *in forma pauperis* [*Id.*] will be **GRANTED**, and this action will be **DISMISSED** because the complaint fails to state a claim upon which relief may be granted under § 1983.

I. **MOTION FOR LEAVE TO PROCEED** *IN FORMA PAUPERIS*

It appears from Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 2] that he is unable to pay the filing fee. Accordingly, pursuant to 28 U.S.C. § 1915, this motion [Doc. 2] will be **GRANTED**. As Plaintiff is no longer in custody, the Court will not assess the filing fee.

II. **COMPLAINT SCREENING**

A. Standard

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§

1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard that the Supreme Court set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim are insufficient to state a plausible claim for relief. *Id.* at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a plausible claim. *Twombly*, 550 U.S. at 570. However, courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983.

**B. ANALYSIS**

According to Plaintiff, both the medical and jail staff of Defendant Campbell County Jail denied him help with his hernia and denied him his "physic meds" during the thirty days in which he was confined in that facility [Doc. 1 p. 4]. On March 11, 2022, Plaintiff filed a grievance about these issues but "nothing was ever said" [*Id.*]. Plaintiff further states "something has got to be done about this place a man just died the other night please help" [*Id.*]. Plaintiff has sued the Campbell County Jail and all of its staff, including the medical staff, and the only request for relief in his complaint is his general plea for "help" [*Id.* at 1, 3, 4, 5].

2

First, while Plaintiff has named the Campbell County Jail as a Defendant, this is not an entity subject to suit under § 1983. *Marbry v. Corr. Med. Serv.*, No. 99-6706, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000) (holding that "the Shelby County Jail is not an entity subject to suit under §1983"). Likewise, as the Campbell County Jail staff does not have a corporate or political existence, it is not a "person" subject to liability under § 1983. *Hix v. Tenn. Dep't of Corr.*, 196 F. App'x 350, 355 (6th Cir. 2006) (holding that "medical departments are not 'persons' under § 1983" because they have no "corporate or political existence") (citation omitted); *Payne v. Hamilton Cty. Jail Sheriff's Staff*, 2016 WL 6585579, at *2 (E.D. Tenn. Nov. 7, 2016) (finding that jail staff and medical staff "are not entities that are subject to being sued under 42 U.S.C. § 1983) (citations omitted). Moreover, Plaintiff does not allege that a custom or policy of Campbell County caused any violation of his constitutional rights, such that the Court could liberally construe the complaint to state a claim upon which relief may be granted under § 1983 against this municipality. *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 691 (1978).

Additionally, while Plaintiff generally requests "help" in his complaint, it is apparent that he is no longer incarcerated in the Campbell County Jail. Thus, even if the Court liberally construes his request for "help" to seek injunctive relief, it is moot. *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (holding that an inmate's request for declaratory and injunctive relief against prison officials became moot once prisoner was transferred to different facility).

Accordingly, the complaint fails to state a claim upon which relief may be granted under § 1983, and this action will be **DISMISSED**.

### III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 2] will be **GRANTED**;

2. Even liberally construing the amended complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983;

3. Accordingly, this action will be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; and

4. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER**.

**ENTER:**

/s/_____
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**